Complainant sues to set aside deeds conveying to his children, defendants herein, two parcels of realty, on the grounds that the conveyances were made without consideration, and were obtained under duress. The testimony fully sustains these contentions.
Complainant at the time of the conveyances was seventy-five years old. He had remarried a short time before without *Page 156 
the knowledge of his children by his first wife. The deeds were executed about one o'clock in the morning following their discovery of the remarriage. One of the sons found it out in the evening and went away returning with another son. According to the complainant, they demanded the keys of complainant's strong box which was locked in a closet, and when he did not open the closet door quickly enough, broke in the door with a shovel; threatened to kill him, choked him and took away his keys, removing his deeds to the properties. They then left him, returning about midnight when they took him to the house of a daughter, where the family stood over him until he signed the deeds in question between one and two o'clock. They, in the meantime, had the deeds drawn up by a lawyer strange to complainant, who was paid by defendants and with whom complainant had no opportunity to consult. Complainant is corroborated by his wife and a neighbor who was disturbed by the quarrel and came in in time to witness violence being used. There is little denial of most of this by the defendants. They admit breaking down the door of the closet with the shovel, but claim it was only to get the bank book of one of them, and deny actual violence or threats.
Defendants claim the execution of the deeds was voluntary, but this is preposterous under the circumstances. Taking into consideration the age of complainant, the quarrel over his just disclosed marriage, the admitted breaking down of the door, the hurried and secret preparation of the deeds by a strange lawyer, the time and place of the execution, it appears clear that the old man was terrified into making the conveyances.
 A decree for the complainant will be advised. *Page 157