100 So.2d 5

**Louis G. HOOVER**

v.

**Ida Bennett HOOVER.**

**4 Div. 906.**

Supreme Court of Alabama.

Jan. 23, 1958.

W. R. Martin, Ozark, for appellant.

Brown & Steagall, Ozark, for appellee.

MERRILL, Justice.

Appellant sued his wife, appellee, for divorce on the ground of voluntary abandonment. The testimony of appellant was taken orally before the court; that of the appellee was by deposition. The lower court denied the relief prayed for in the bill of complaint after hearing the evidence, and complainant appealed.

Appellant raises two points in brief. The first is whether or not the presumption usually accorded the finding of the trial court applies in the instant case. In view of our conclusion as to the second point, it is not necessary to discuss this question.

The other point raised by appellant is that the trial court erred in refusing to grant a divorce to appellant on the ground of voluntary abandonment.

Appellant claims that his wife voluntarily abandoned him in March, 1953. According to the evidence, appellant was found guilty of assaulting his wife on March 26, 1953, was sentenced therefor and put on probation for one year. He was also enjoined from molesting his wife. Shortly thereafter, he was arrested for violating the injunction. Since that time, they have been separated.

Appellee's contention is that she did not voluntarily abandon her husband, but that he would get drunk and inflict physical acts of cruelty upon her, and that she was forced to separate herself from him because of his cruel treatment and threats toward her.

In the early case of Hardin v. Hardin, 17 Ala. 250, this court held that where the wife left her husband and remained away for the statutory period of voluntary abandonment, still the husband was not entitled to a divorce on that ground where his treatment was the cause of her leaving him and remaining away unwillingly, because such abandonment was not "voluntary." See Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696. The principle is stated thusly in Cochrane v. Cochrane, 303 Mass. 467, 22 N.E.2d 6, 9, 138 A.L.R. 341:

> ■ "It is settled that ill treatment or misconduct of the husband of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce may yet justify her in leaving his house and prevent his obtaining a divorce on the ground of desertion if she does."

The same rule would apply to the instant case where the divorce is sought on the ground of voluntary abandonment.

■ The evidence sustains the holding of the lower court and the decree is affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.