151 So.2d 234

Clarence SMITH

v.

Pearlie SMITH.

7 Div. 551.

Supreme Court of Alabama.

March 14, 1963.

Nash & NeSmith, Oneonta, and Embry & Whitten, Pell City, for appellant.

Starnes & Holladay, Pell City, for appellee.

642

LIVINGSTON, Chief Justice.

This is a suit for divorce by appellant, Clarence Smith, against appellee, Pearlie Smith, on the grounds of voluntary abandonment. Appellee denied that the abandonment was voluntary, claiming she left home because of her husband's threats and abuse. She also filed a cross complaint to have set aside a deed which she executed to her husband on the ground that it was procured by threats of force and coercion. After hearing the evidence ore tenus, the trial judge entered a decree denying the divorce to the appellant husband and setting aside the conveyance.

It would serve no useful purpose to delineate the evidence here. Suffice it to say, that there was evidence that appellant beat his wife on at least one occasion, breaking one of her teeth, and that he cursed and abused her continuously. There was ample evidence also that appellee left home only after being told to do so several times by her husband.

The case of Hoover v. Hoover, 267 Ala. 76, 100 So.2d 5, quoted with approval the following excerpt from Cochrane v. Cochrane, 303 Mass. 467, 22 N.E.2d 6, 138 A.L. R. 341:

"'It is settled that ill treatment or misconduct of the husband of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce may yet justify her in leaving his house and prevent his obtaining a divorce on the ground of desertion if she does.'"

In the case of Stone v. Stone, 206 Ala. 568, 90 So. 794, a case quite similar to the one at bar, the court stated:

"'In such cases the evidence should be clear and satisfactory that the abandonment by the wife was voluntary, and without fault on the part of the husband. That is to say, the husband must not by his own wrong or ill treatment cause the wife to abandon him. In such a case, if the wife be compelled, by the conduct of the husband toward her, for her own comfort and happiness, to leave him, the abandonment could not be termed voluntary.' Israel v. Israel, 185 Ala. 39, 64 South. 67."

The evidence was heard by the trial court, and the decision of that court will not be disturbed on appeal unless it is plainly erroneous or manifestly wrong, whether in law or equity cases. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Beavers v. Harris, 265 Ala. 548, 93 So.2d 161; Halman v. Bullard, 261 Ala. 115, 73 So. 2d 351. There was no such manifest error in the decision of the trial court.

Appellant urges that to afford a basis of relief a cross bill must be connected with or growing out of the bill of complaint. Equity Rule 26. This is, of course, the effect of that Rule. However, in the instant case, it is unnecessary to determine whether or not the cross bill was sufficiently connected with the complaint, because appellant did not raise the objection in the

lower court, and as a consequence, the objection comes too late. The record shows that the case was tried below on the assumption that the cross bill was good. In the trial court, appellee filed a cross bill to appellant's complaint, asking the court to set aside a deed which she had made to him, on the grounds that it was procured by threats of force and violence and coercion. Appellant did not plead specially to this, nor did he demur. On the contrary, appellant joined issue on the cross bill by answering it, and denying that the transaction was a result of any threats, force or coercion. The trial was had on the merits of the issue thus raised.

Appellant cannot now raise the point that the cross bill did not arise out of, or was not sufficiently connected with the original complaint, because a case will not be reviewed on a theory different from that on which it was tried below. Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695; Weston v. Weston, 269 Ala. 595, 114 So.2d 898; Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89.

Appellant now argues that the trial court erred in holding the deed void on the ground that it was contrary to the evidence. We cannot agree. In the case of Cochran v. Cochran, 247 Ala. 588, 25 So.2d 693, this court, quoting from Ray v. Ray, 238 Ala. 269, 189 So. 895, said:

."'In Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, speaking to the principle of law here applicable, the court said: "It is for the common security of womankind that gifts procured by husbands, and purchases made by them, from their wives, should be scrutinized with a close and vigilant suspicion, and that the court, upon the appearance of the slightest circumstance of suspicion, should require of the husband satisfactory proof that the transaction resulted from the 'pure, voluntary, and well-understood' act of the mind of the donor." ' "

The court below heard the evidence ore tenus concerning the procurement of the deed, and as stated above, the decision of that court will not be disturbed unless it is plainly and palpably wrong. Lamar v. Lamar, supra; Beavers v. Harris, supra; and Halman v. Bullard, supra.

There is no error in the record and the decree of the circuit court is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.