263 So.2d 142

Walter J. KYLE

v.

Nan I. KYLE.

6 Div. 131.

Court of Civil Appeals of Alabama.

May 31, 1972.

164

Jones, Propst & Topazi, Birmingham, for appellant.

Walter L. Mims and Frank M. Bainbridge, Birmingham, for appellee.

BRADLEY, Judge.

The appeal is from a decree of the Circuit Court on Jefferson County, In Equity, rendered on September 9, 1971, granting appellee's request for an award of $16,548.-96 previously ordered paid to her by said court, or in lieu thereof be in contempt of court, awarding counsel fees for appellee of $500.00, overruling appellant's motion to strike respondent's answer and petition to modify and denying appellant's petition to modify.

The parties to this proceeding were divorced from the bonds of matrimony by decree of said court entered on August 12, 1969. The decree also ratified and made a part thereof two agreements previously entered into by the parties on August 4, 1969 and August 21, 1968.

The agreement of August 4, 1969 contained the following pertinent provisions:

"1. The Husband agrees to pay to the Wife, for the maintenance and support of herself, exclusive of housing, the sum of Four Hundred Twenty-Five Dollars ($425.00) per month in two installments of Two Hundred Twelve and 50/100 ($212.50) each, said installments being due and payable on the 5th and 20th of each month. . . . It is understood and agreed that the sum of money hereinabove mentioned does not include an allowance for housing in that the Husband has heretofore paid to the Wife the sum of Fourteen Thousand Six Hundred Sixty-Two and 67/100 ($14,662.67) under an Agreement dated August 21, 1968, said sum being the net proceeds which the Husband received from the sale of his undivided one-half interest in the home located at 3301 Hermitage Road, Mountain Brook, Alabama. Said Agreement dated August 21, 1968 between the parties hereto is incorporated hereby by reference and adopted as a part of this Agreement."

The agreement of August 21, 1968 also contained the following pertinent language:

"1. Nan will receive the entire net proceeds from the sale of said home free from any claim by Walter . . . .

"2. That upon a final resolve of the marital problems now existing between Walter and Nan and in the final property settlement made between Walter and Nan, Walter will receive credit in the manner hereinafter mentioned for the money so received by Nan from the sale of said home.

"3. This agreement shall in no way effect the legal obligations of Walter to Nan and the two children except that Walter shall no longer be obligated to furnish a home or a place to live as it is contemplated that the money received by Nan from the sale of the above property shall be used to supply housing for herself and the two children who live with her.

"4. That the net proceeds from the above-mentioned sale shall be made directly to Nan and she will receive the

proceeds free and clear from any claim against the proceeds on Walter's behalf.

\*     \*     \*     \*     \*     \*

"2. Receipt by Nan of the full net proceeds from said sale will extinguish the obligation of Walter to provide housing for herself and the children."

The house in question was sold and the proceeds of the sale (about $29,000) after deducting expenses thereof were paid to appellee who deposited the money to her account in two savings and loan associations.

In late 1969 or early 1970 the U. S. Internal Revenue Service informed the appellant that he owed additional taxes and penalties for the years 1966, 1967 and 1968 in the amount of $30,000. This amount was reduced by the IRS, after an amended return was filed, to $16,548.96 for taxes and one-half that amount for penalties. The appellant paid the penalties, but did not pay anything on the taxes.

Inasmuch as the parties to this suit had filed joint tax returns for the years in question, the IRS attached appellee's accounts at both savings and loan associations for the amount of the tax due plus interest. An amount of $16,622.39 was taken from her to satisfy the tax claims for the years in question.

Appellant was requested to reimburse appellee for this sum of money taken by the U. S. Government to satisfy the tax claims resulting from jointly filed income tax returns. No response was made to such request.

In her petition for the rule nisi, appellee states that the $16,622.39 taken by the government for taxes jointly owed came from the proceeds of the sale of the house pursuant to the agreement of August 21, 1968. The money received from said sale according to the terms of the agreement heretofore mentioned was to be in lieu of a housing allowance for appellee and the children. She further states in said petition that because of the government levy on her savings accounts, she has not received the proceeds free and clear of any claim on said proceeds, and as a result of appellant's tax fraud has been deprived of the proceeds of the house sale which constitutes a breach of the decree incorporating said agreements.

Appellant did not demur to said petition but did file an answer thereto in which he said:

" . . . respondent is financially unable to reimburse petitioner-complainant for the total assessment outstanding in one sum. Respondent denies that he has refused to reimburse petitioner-complainant but in the alternative has not been able to do so."

Nowhere in said answer did appellant deny or disclaim any liability to reimburse appellee for the money taken from her by the government to satisfy their joint tax obligations. He simply stated that he had not refused to reimburse appellee for the sum of money in question, but that he was unable to do so at that time.

After the trial, the court entered a decree finding appellant indebted to appellee for $16,548.96; one-half of this amount to be paid on or before December 31, 1971 and the balance by March 31, 1972. Failure to make the payments as directed would result in appellant being in contempt of court. Appellee was also awarded $500 as attorney fees for her counsel.

From said decree an appeal was perfected to this court.

Appellant assigns eight grounds of error, all directed in some fashion to the final decree.

In brief, assignments of error one, two and six are argued together; assignments three and four are argued together; and assignments seven and eight are argued together. Assignment of error five, not having been argued, is considered waived. Rule 9, Supreme Court Rules.

Nowhere in the argument section of the brief is there a single citation of authority to support the argument made by appellant. It has been said by our Supreme Court that the failure to discuss or mention authorities in support of an assignment of error does not amount to an argument. Alabama Electric Co-op., Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362.

In considering the assignments of error in the first argument of appellant, we find that assignment one says that the trial court erred in finding that appellant was indebted to appellee for the amount in question and ordering appellant to pay appellee or otherwise be in contempt. There is a transcript page number listed wherein the error occurred, in accordance with Rule 1 of the Supreme Court Rules.

Assignment two says that the trial court erred in finding that appellant was indebted to appellee because "there had been no adjudication in any court of law and for which the Equity Court had no jurisdiction." No transcript page number appears by this assignment pointing out wherein the error occurred.

Assignment six says that the trial court erred in awarding appellee the amount in question for the reason that the petition was founded "on issues never presented to the court and never decided by the court and the said decree went beyond the bounds of the Equity Court's jurisdiction."

In arguing these three assignments of error, appellant says that the trial court was without jurisdiction to hear and decide the petition for the rule nisi for that thirty days had elapsed between the rendition of the original decree on August 12, 1969 and the filing of the petition on August 19, 1971 and that the court did not reserve any control over the proceeds of the sale of the house. He further stated that there was no question raised or testimony offered that the money was not paid as required by the agreement and the decree.

Appellee answers this argument by saying first that assignments two and six do not contain transcript page numbers beside them as required by Supreme Court Rule 1. He further states that assignments two and six are defective because they raise questions that were not raised in the trial court. Also, assignments two and six question the jurisdiction of the trial court and appellee points out that the court had jurisdiction of the parties and jurisdiction of the subject matter, i. e., whether its decree had been complied with by appellant.

Appellee has pointed out to this court that the transcript page number wherein the error occurred is not listed beside assignments two and six and insists that this court cannot consider them.

The Supreme Court said in Wiggins v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519, that it was mandatory that Rule 1 be complied with, and in Brooks v. Everett, 271 Ala. 354, 124 So.2d 105, the Supreme Court stated that an assignment which failed to comply with Supreme Court Rule 1 was without merit and could not be considered by the court.

■ Since assignments two and six do not comply with Rule 1, they do not have merit and we cannot consider them as error on the part of the trial court.

■ Assignments of error one, two and six were argued in brief in bulk and the Supreme Court's well-settled rule is that where assignments are grouped together and argued in bulk and one or more is without merit, then the remaining ones will not be considered. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77.

■ Furthermore, assignments two and six questioning jurisdiction of the trial court were without foundation, for clearly the trial court had jurisdiction of the parties and subject matter.

Assignment six also said that the decree of the court was founded on "issues never

presented to the court and never decided by the court." However, as pointed out previously, there was no demurrer filed to the petition for the rule nisi and no defense made in the answer except the one saying that appellant had never refused to repay appellee but was unable to repay her.

■■ The trial court cannot be placed in error for failure to rule on matters not brought to its attention. Haigler v. Goldsmith, 168 Ala. 669, 52 So. 736. Furthermore, this matter was raised for the first time on appeal, which makes it unavailable to appellant as an assignment of error. Smith v. Smith, 274 Ala. 641, 151 So.2d 234; State v. Moore, 269 Ala. 20, 110 So. 2d 635; and Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

Assignments of error three and four are grouped together for argument and assignment three says that the trial court erred in its decree by awarding appellee the money in question for the reason that she had "an adequate remedy at law." Assignment four says that the decree in question awarding appellee the money previously referred to is "contrary to the law and the facts . . . . "

Assignments of error three and four contained no transcript page numbers beside them as required by Supreme Court Rule 1, as pointed out by appellee. Furthermore, as previously stated, there was no demurrer filed to the petition and no defense set out in the answer except that appellant was unable financially to repay the appellee the money taken from her by the United States. Such defense not having been raised in the trial court cannot be presented to this court for the first time on appeal. Prowell v. Wilson, supra.

Assignment four says the decree is "contrary to the law and the facts . . . . " Such a reason for an assignment of error has been considered by the Supreme Court as presenting nothing for review. Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705.

Assignments of error three and four are without merit.

Assignments of error seven and eight were argued together and assignment seven contends that the trial court erred in awarding appellee's counsel $500 for their services. This assignment does contain a transcript page number beside it designating wherein the alleged error occurred. Assignment eight also contends that the trial court erred in awarding appellee's counsel a sum for their services, because such services were rendered in a cause which was in error. This assignment does not contain a transcript page number beside it as required by Rule 1.

Appellant argues that since that portion of the decree requiring appellant to pay appellee a sum of money allegedly pursuant to the terms of the original divorce decree is erroneous, so also is that part of the decree requiring appellant to pay appellee's counsel fees.

Appellee points out that assignment eight fails to comply with Rule 1 in the particular heretofore referred to and insists that therefore said assignment is without merit. He also says that the reason given for the support of assignment eight is too general for our consideration.

Assignment eight is without merit since it does not comply with Rule 1, and, inasmuch as assignments seven and eight were argued together, we cannot consider assignment seven. Whitt v. Forbes, supra.

Furthermore, no authority is cited or argued in support of either assignment seven or eight. Alabama Electric Co-op, Inc. v. Partridge, supra. Also, the argument made in support of both assignments does not direct us to any error committed by the trial court.

No reversible error having been argued or presented, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.