307 So.2d 718

Jasper F. GRIGGS

v.

CITY OF ANDALUSIA.

4 Div. 316.

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Grady O. Lanier, III, Andalusia, for appellant.

James M. Prestwood, Andalusia, for the City of Andalusia.

HOLMES, Judge.[1]

This is an appeal from the Circuit Court of Covington County, Alabama.

Appellant was originally tried in the Recorder's Court of the City of Andalusia and found guilty of assault and battery. Pursuant to Tit. 37, § 587, Code of Ala. (1940), appellant appealed to the Circuit Court of Covington County where, upon a trial *de novo*, he was again found guilty of assault and battery; was fined; and upon failure to pay the fine, sentenced to a term of 78 days.

It is from this action by the circuit court that this appeal is taken.

Appellant, through able appointed counsel, argues in brief two assignments of error.

The first argued assignment of error is bottomed upon the premise that the failure of Recorder's Court of the City of Andalusia to appoint legal counsel for appellant in the proceeding in that court permeates the action of the circuit court and requires reversal.

■ We find no merit in this argument. At the outset, we note that the cases are legion that appeals from conviction for violation of city ordinance are subject to the rules governing civil appeals. Representative is Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761, cert. den. 254 Ala. 515, 48 So.2d 768, cert. den. 340 U.S. 942, 71 S.Ct. 506, 95 L.Ed. 680. See also 15 Ala.Dig., Municipal Corporations, § 642.

■ This appeal comes to us from the circuit court. Appellant was represented by appointed counsel in the circuit court and there was no motion or other appropriate request made to that court regarding the absence of counsel in the recorder's court. This matter is raised for the first time in this court. The trial court will not be put in error for failure to rule on a matter which was not presented to or decided by it. Southern Cement Co. v. Patterson, 271 Ala. 128, 122 So.2d 386. Matters raised for first time on appeal are unavailable as assignments of error. Kyle v. Kyle, 48 Ala.App. 163, 263 So.2d 142.

Appellant's remaining argued assignment of error is predicated upon the city complaint being admitted into evidence in the circuit court in a defective form. The city complaint was signed by the city solicitor. Appellant claims that it should have been signed by the circuit solicitor (or district attorney)—a state official rather than a municipal official.

---

1. December 20, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution, the Chief Justice assigned to this Court Judge Holmes of the Court of Civil Appeals for temporary service.

■ The applicable principle on this issue was set out in Lazarte v. City of Mountain Brook, 46 Ala.App. 653, 248 So.2d 148, affirmed 287 Ala. 96, 248 So.2d 148. In that case this court held that a complaint in circuit court on appeal from recorder's court should be signed by the circuit solicitor (or district attorney) when it is a state case, and by municipal or city attorney when it is a city case.

In the case before us, appellant was convicted for the violation of a city ordinance which made all state misdemeanors an offense against the city and subject to the jurisdiction of the recorder's court. Appellant claims that even though the city has adopted the law as its own and punishable in the city court, the nature of the offense remains a state offense and an appeal to the circuit court is accordingly a "state case." Appellant therefore contends that the complaint is defective inasmuch as it was not signed by the circuit solicitor as required by Lazarte, supra.

■ We do not agree with appellant's argument. While it is true that the city ordinance was adopted by reference from state law the fact remains that appellant was tried for and convicted of the violation of a city ordinance and not for a state offense. As he was tried for violation of a city ordinance, then, as already noted in Lazarte, supra, the correct signature was that of the city solicitor.

■ We further note that in the circuit court, counsel for appellant did not object to the complaint as being defective. He did object to introducing it as he claimed it was not in the court file on the day of the trial. It is for the first time on appeal that appellant contends that the complaint was improperly signed. As previously noted in this opinion, this court will not consider matters raised for the first time on appeal.

The conviction is affirmed.

Affirmed.

All judges concur.