BOOKOUT, Judge.
Violation of Alabama Uniform Controlled Substances Act; sentence: two years.
*413 The appellant was indicted in October 1974 for selling marijuana to an undercover agent. He learned that the police were looking for him in the fall of 1975, and he was arrested in December 1975. He was tried and convicted in January 1976 at which time he denied having ever met the undercover agent who testified against him.
I
The appellant contends that the indictment was insufficient to apprise him on the nature and cause of the accusation against him. The appellant submits that the indictment did not include the time of the sale, the name of the vendee, the quantity of marijuana sold or the location where the sale took place.
The appellant’s contention is without merit. The indictment stated that the offense occurred before the finding of the indictment which is all that is required unless the indictment is for a new offense or when the grade of an offense has been raised from a misdemeanor to a felony. Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284 (1953). It is not necessary to name the vendee. Adkins v. State, 291 Ala. 695, 287 So.2d 451, on remand, 51 Ala.App. 703, 287 So.2d 457 (1975). It is unnecessary to allege where the offense was committed. Title 15, § 238, Code of Alabama 1940 (Recompiled 1958). It is also unnecessary to allege the amount sold, as selling marijuana in any amount is illegal. Title 22, § 258(29), (47) (Pocket Supplement) Code of Alabama 1940 (Recompiled 1958).
II
The appellant contends that the State failed to identify the name of the primary prosecution witness, the undercover agent, before trial and therefore denied the appellant’s right to due process. The appellant never objected to the above during trial nor did he even attempt any type of discovery. An issue which is raised for the first time on appeal is raised too late for review. Griggs v. City of Andalusia, 54 Ala.App. 322, 307 So.2d 718 (1975).
Ill
On cross-examination of the appellant, it was brought out that the appellant attempted to flee when he was arrested. The prosecutor in his closing argument argued that from such flight, the jury could infer guilt. The appellant contends that such evidence was inadmissible as the flight was too remote in time from the indictment and that the prosecutor’s closing argument was highly prejudicial.
The conduct of an accused tending to show flight is admissible even if weak and inconclusive. Pierce v. State, 51 Ala. App. 166, 283 So.2d 618 (1973). Here the appellant admitted that he had on several occasions, including the day of his arrest, fled from the authorities of Lauderdale County.
AFFIRMED.
All the Judges concur.