WRIGHT, Presiding Judge.
Plaintiff filed a bill for declaratory judgment against defendant, Commercial Union Assurance Company, claiming payment under a homeowner’s policy. Damage to her property and person had been caused by her former husband on the day their divorce was granted. Defendant answered and filed a third-party complaint against the former husband. Third-party defendant was personally served with the answer, summons and third-party complaint as required by Rule 4, ARCP. Third-party defendant filed an answer which was directed to the allegations in plaintiff’s original bill for declaratory judgment.
Plaintiff amended her bill so as to state a claim directly against third-party defendant. The amendment was mailed to the attorney of record for third-party defendant.
On October 26, 1977, by consent of all parties, an order was entered dismissing with prejudice plaintiff’s complaint against defendant; defendant’s third-party complaint was dismissed and judgment was entered in favor of plaintiff against third-party defendant for $4,500. On November 17 third-party defendant moved that the judgment be set aside. This was denied and appeal was taken by third-party defendant. We affirm.
The first issue is whether a third-party defendant is entitled to service of a summons with the amendment of plaintiff’s complaint to state a direct claim against him. Such claims are contemplated by Rule 14(a), ARCP: “The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third-party plaintiff . .” Failure to assert such claims has the same effect as failure to assert a compulsory counterclaim. Committee Comments, Rule 14, ARCP. The question becomes whether such claims must be served with process as in Rule 4 or whether Rule 5(b) service, permitting mailing to a party’s attorney, is applicable. See 2 Moore’s Fed. Prac. ¶ 5.06. Shannon v. Massachusetts Bonding & Ins. Co., 62 F.Supp. 532 (W.D.La.1945), the only case directly dealing with the point, holds that mailing the amendment to the third-party defendant’s attorney is sufficient where personal process had been had with the third-party complaint. This case is cited in support of the statement in 3 Moore’s Fed.Prac. ¶ 14.16[1]:
“Where the court has obtained jurisdiction over the third-party defendant, as where the third-party plaintiff has made personal service on the third-party defendant, plaintiff can serve his amended complaint on the third-party defendant in the manner provided in Rule 5(b).”
Similar reasoning is had in 6 Wright & Miller, Federal Practice & Procedure § 1457:
“[A] third-party defendant might object that plaintiff has not stated a claim upon which relief may be granted or that the court lacks personal jurisdiction over him for purposes of adjudicating plaintiff’s claim. If the court has personal jurisdiction over the third-party defendant in the third-party action, however, the latter defense, along with a challenge to service of process, will be rejected because once the court has established personal jurisdiction over a party it will retain jurisdiction over him for purposes of adjudicating related proceedings.”
On the basis of these authorities, it appears that third-party defendant cannot complain of insufficient service.
*416 Elliott v. Burch, 293 Ala. 244, 301 So.2d 557 (1974), cited by third-party defendant, is easily distinguishable. There the court discussed the requirement under Rule 5(a) that a non-appearing defendant be served pleadings with new or additional claims against it. Here the third-party defendant did appear and in fact consented to entry of judgment against him on plaintiffs claim.
Further, it appears that third-party defendant waived objection to insufficiency of service of process. Rule 12(h)(1), ARCP, provides:
“A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [consolidation of defenses in motion], or (B), if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
See Pila v. G. R. Leasing & Rental Corp., 551 F.2d 941 (1st Cir. 1977); Davis v. Hill Eng’r, Inc., 549 F.2d 314 (5th Cir. 1977); 2A Moore’s Fed.Prac. ¶ 12.23; 5 Wright & Miller, supra, § 1391.
The amendment to the complaint was filed July 16, 1976. The suit was dismissed on plaintiff’s motion on April 18, 1977 and reinstated on the docket upon consent of all parties on July 15,1977. The consent judgment was entered October 26, 1977. The record does not disclose any motion or responsive pleading raising the issue of insufficiency of service until appeal. The motion to set aside the judgment did not contain this ground. Rule 14(a), ARCP provides that, upon plaintiff’s assertion of a claim against a third-party defendant, the latter “shall assert his defenses as provided in Rule 12.” See 6 Wright & Miller, supra, § 1457. The defense was not so raised and was waived.
Third-party defendant cites a number of cases in support of the proposition that no liability can accrue on the third-party complaint unless and until the original defendant is held liable to the original plaintiff. E. g., Glenns Falls Indem. Co. v. Atlantic Bldg. Corp., 199 F.2d 60 (4th Cir. 1952). We have no argument with this principle but observe that it is inapplicable since the judgment in the instant case is predicated not upon the third-party complaint, but upon the claim by plaintiff against third-party defendant in the amendment to the original complaint.
The final contention of third-party defendant is that the consent judgment was entered because of mistake by him or his counsel. The alleged mistakes are twofold: First, that it was mistakenly understood that plaintiff had agreed to payment of the $4,500 in installments; second, that the original complaint had named third-party defendant as a party. As to the latter, a misconception by counsel as to the contents of a filed pleading is not quite the type of mistake that will overturn a judgment. There is no evidence in the record supporting the existence of either “mistake.” No agreement regarding installments appears in the record; the docket entry merely states:
“As to the third party defendant, Booker T. Gray, Jr., on motion of plaintiff and by consent of all parties, judgment in favor of the plaintiff and against the third-party defendant, Booker T. Gray, Jr., in the amount of $4,500.00 and all costs.”
No error can thus be predicated.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.