This is a child custody case.
Shirley Jane Soltis and Dennis W. Soltis were divorced in February 1978, with custody of their minor child, Tara, awarded to the mother. The father was awarded reasonable visitation. In April 1983, the father moved to modify the judgment by awarding custody of Tara to him. This motion was denied. In October 1983, Dennis filed a second motion to modify custody. The motion was temporarily granted by the court. In May 1984, Charles and Christina Souther, maternal grandparents of Tara, intervened seeking custody. After *Page 1251 
ore tenus hearing, the court awarded custody of Tara to Dennis Soltis, with visitation to the grandparents and denied visitation to the mother. The mother and grandparents appeal.
The record reveals that Jane and Dennis had been previously divorced, remarried, and eight months and three weeks after the marriage, Tara was born. Tara, now seven, has lived approximately four years with the Southers. Dennis, after the divorce, in 1978, moved to the Birmingham area. He remarried in 1981. Jane married again and was again divorced. In recent years, Jane has been diagnosed as an epileptic, became addicted to ethyl alcohol and has overdosed on four occasions. There have also been episodes of violence by Jane, in Tara's presence, involving knives and guns. The record further reveals that Jane is now receiving medication for epilepsy, had reduced her drinking and for some time went to psychotherapy.
On appeal the mother contends the denial of visitation rights to her was an abuse of the trial judge's discretion, and the grandparents contend the court erred in applying the standard set forth in Ex parte, Matthews, 428 So.2d 58 (Ala. 1983).
The fundamental and controlling issue in a child custody modification proceeding is the welfare and best interest of the child. Talley v. Lott, 283 Ala. 499, 218 So.2d 828 (1969). A custody decree will not be modified unless changed conditions are shown which justify such modification. Pezent v. Nelson,52 Ala. App. 9, 288 So.2d 792 (1974).
 "It is a well settled legal principal that when testimony is taken ore tenus, there is a strong presumption that the trial court's ruling with regard to child custody is correct. The trial judge is in a position to observe and hear the evidence personally and we cannot reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of judicial discretion, and is therefore clearly and palpably wrong."
Matthews v. Matthews, 428 So.2d 51 (Ala.Civ.App. 1982). "And, we will not substitute our judgment for that of the trial judge's even if we would have decided the case differently."Parsons v. Parsons, 337 So.2d 765 (Ala.Civ.App. 1976).
There is ample evidence to support the trial judge's decision as to custody. The mother has been very unstable and her attempted rehabilitation has only begun. The grandparents appear to be excellent and worthy people and have cared for Tara much of her life. Jane appears to have relied upon them heavily to care for Tara and to assist her otherwise. Jane has lived with her parents, with Tara, off and on, and testified that if she received custody, she would reside with her parents. The misconduct and activities of the mother were properly considered by the court in awarding custody and granting or denying visitation. Crews v. Houston CountyDepartment of Pensions and Securities, 358 So.2d 451
(Ala.Civ.App.), cert. denied, 358 So.2d 456 (Ala. 1978). The close proximity of homes, availability and frequency of visitation between Jane and Mr. and Mrs. Souther may have greatly influenced the trial court in its decision as to custody and visitation.
In the course of the trial, Jane testified that a week or two prior to her remarriage to Dennis she had sexual intercourse with Gary Renfroe and attempted to offer into evidence results of a paternity test with probability of paternity by Renfroe at 99.9 percent. The trial court sustained objection by Dennis Soltis, as the paternity issue was res judicata. Both the mother and grandparents contest this as error on appeal.
While it is true the question of child custody is never res judicata, Quintanilla v. George, 340 So.2d 804 (Ala.Civ.App.),cert. denied, 340 So.2d 808 (Ala. 1976), and the determination of paternity may be necessary for the trial court to properly decide the child's best interest, Finkenbinder v. Burton,452 So.2d 880 (Ala.Civ.App. 1984), "Once there has been a judicial determination of paternity, the parents are precluded from disputing the paternity *Page 1252 
of the child in subsequent proceedings." Julian v. Julian,402 So.2d 1025 (Ala.Civ.App. 1981). We find that the trial court did not err in sustaining counsel's objection.
As to the grandparents' contention that this was error, the record reveals that they did not attempt to offer the paternity test into evidence nor did they elicit a ruling from the court as to it. A question of law which was not presented to or passed upon by the trial court cannot be raised on appeal. Kylev. Kyle, 48 Ala. App. 163, 263 So.2d 142 (1972).
There being no error or abuse of discretion, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.