PER CURIAM.
This is an action upon an account.
The plaintiffs, J. Howard Smith and Jack Hayes, sued only the defendant Harold Reach. Mr. Reach filed a third-party complaint against Sundance Marina, a corporation (third-party defendant). Service was had upon the third-party defendant in September 1983, and no further pleadings were filed thereafter by any party prior to the entry of a judgment by default by the trial court on April 16, 1984, in favor of the plaintiffs and directly against the third-party defendant in the amount of $1,876.69, together with interest and court costs. Additionally, a judgment was entered in favor of the defendant Reach. After its motion for a new trial'was overruled, the third-party defendant appealed and contends that the trial court erred in entering the judgment against the third-party defendant and in favor of the plaintiffs when there was no claim on behalf of the plaintiffs against the third-party defendant and when the original defendant was not held liable to the original plaintiffs.
The Alabama Rules of Civil Procedure authorize a judgment in favor of an original plaintiff and directly against a *648 third-party defendant under the following circumstances:
(1)“The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim against the third-party plaintiff-” A.R. Civ.P., Rule 14(a). Although the rules do not state the manner in which a plaintiff may assert his claim directly against a third-party defendant, a plaintiff may do so by means of an appropriate amendment to his complaint or by an authorized new pleading. Gray v. Gray, 359 So.2d 414 (Ala.Civ.App.1978); 6 C. Wright and A. Miller, Federal Practice and Procedure § 1459, at 313 (1971); 3 J. Moore, Moore’s Federal Practice ¶ 14.16(1) at p. 14-83 (2d ed. 1984).
In Gray, 359 So.2d 414, the plaintiff filed a bill of complaint for a declaratory judgment. The original defendant answered and filed a third-party complaint. The third-party defendant’s answer was directed to the allegations in the plaintiff’s original bill for a declaratory judgment. The original plaintiff amended her bill so as to state a claim directly against the third-party defendant. A consent judgment dismissed the original plaintiff’s complaint against the original defendant. The original defendant’s third-party complaint was also dismissed, and a judgment was entered in favor of the original plaintiff and against the third-party defendant for $4,500. The third-party defendant appealed after his motion to set aside the judgment was overruled. In that case, the following was stated:
“Third-party defendant cites a number of cases in support of the proposition that no liability can accrue on the third-party complaint unless and until the original defendant is held liable to the original plaintiff. E.g., Glenns Falls Indent. Co. v. Atlantic Bldg. Cory., 199 F.2d 60 (4th Cir.1952). We have no argument with this principle but observe that it is inapplicable since the judgment in the instant case is predicated not upon the third-party complaint, but upon the claim by plaintiff against third-party defendant in the amendment to the original complaint.”
Gray, 359 So.2d at 416.
Since the plaintiffs did not assert their claims against the third-party defendant by any appropriate amendment of their complaint or by any other authorized pleading, Rule 14(a), A.R.Civ.P., does not apply.
(2) Even though a plaintiff has not amended his complaint so as to assert a claim against the third-party defendant, if that claim is actually tried by the express or implied consent of the affected parties, the tried claim is treated in all respects as if it had been formally raised by the pleadings. Rule 15(b), A.R.Civ.P. In this case there was not any trial between the plaintiffs and the third-party defendant of any claim which the plaintiffs might have had against the third-party defendant, and that rule had no application.
“A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.” A.R.Civ.P., Rule 54(c). The plaintiffs’ complaint made no claim for any relief against the third-party defendant. The third-party defendant had the right to assume that the trial court’s default judgment would not extend beyond the relief requested in the third-party plaintiffs’ complaint against the third-party defendant. Caver v. Caver, 410 So.2d 902 (Ala.Civ. App.1982). The default did not comport with the relief sought either by the plaintiffs’ complaint against the original defendant or with the relief sought by the third-party complaint.
For the foregoing reasons, the learned trial court had no authority to enter a default judgment in favor of the original plaintiffs and against the third-party defendant. We reverse. Upon the remand of this case, the learned trial court shall set aside its judgment in favor of the plaintiffs and against the third-party defendant. Further appropriate pleadings and proceedings may be had.
REVERSED AND REMANDED.
All the Judges concur.