J. ED TEASE, Retired Circuit Judge.
This is an appeal by the defendant-former husband from a decree entered by the trial court after an ore tenus hearing, in which the plaintiff-former wife was vested with the entire interest in the residence formerly jointly owned by the parties. The trial court also determined that no common-law marriage existed at the time of trial, and based the award of real estate on the inequity of the defendant’s retaining an interest in the residence which was “obtained through coercion and without consideration.”
The wife’s complaint alleged the existence of a common-law marriage and prayed for divorce and certain other relief, including a general prayer “for such further relief to which she may be entitled.”
Appellant presents two issues for our review on appeal: (1) Were the allegations in appellee’s purported divorce complaint insufficient on which to base the award of real estate in view of the court’s finding that no common-law marriage existed between the parties? (2) Were appellant’s rights to due process of law violated by the court’s deciding issues on which appellant had not been given adequate notice in the pleadings?
The parties were married in 1973 and divorced by decree of the Chambers County Circuit Court on October 25, 1984. By agreement of the parties the wife was awarded the real estate in question. Approximately one month after the divorce the parties again began cohabiting, primarily on weekends. Defendant worked out of town during the week as a truck driver. In January 1985 the plaintiff conveyed her entire interest in the real estate to the defendant. The living arrangement continued until a separation occurred in October 1985.
After the separation, plaintiff moved into a mobile home, and defendant later moved to the state of Georgia. However, plaintiff spent $1,900 for improvements on the home and moved back into the home in September of 1986, where she continues to live. She also paid the mortgage balance of $870 in October of 1987.
On June 5, 1987 defendant conveyed a one-half interest in the real estate back to plaintiff.
By the time plaintiff filed her divorce action, defendant had been married two additional times, the first of such marriages having ended in divorce.
At the trial the plaintiff testified that she conveyed the real estate to the defendant on January 4, 1985 “because he *69 was threatening me.” “[A] friend of ours killed himself and he said he would do the same thing to me. So, I just signed it over to him.” From a reading of the record it is clear that the plaintiff was requesting the court to award her the real estate notwithstanding the court’s finding on the common-law marriage question. The circumstances surrounding her executing the deed to defendant were testified to by both parties without objection. In other words, the issue was tried by the parties within the meaning of Rule 15(b), Alabama Rules of Civil Procedure. The rule states:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.” (emphasis added)
In addition to A.R.Civ.P.Rule 15(b), Rule 54(c) of said rules states in pertinent part: “[Ejvery final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.”
The Committee Comments respecting A.R.Civ.P. 54(c) state that such rule:
“[IJmplements the general principle of Rule 15(b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded_ But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence. See Roberge v. Cambridge Cooperative Creamery Co., 243 Minn. 230, 67 N.W.2d 400 (1954).”
Both of appellant’s closely related issues on appeal are negated by the application and effect of the above quoted A.R.Civ.P. 15(b) and 54(c).
Defendant’s cited case of Sundance Marina v. Smith, 469 So.2d 647 (Ala.Civ.App.1985), is not controlling on the issues presented.
The court’s ruling from the bench, made at the conclusion of the ore tenus proceeding, and the written decree which followed, must be considered together. From the bench the court stated:
“Mrs. Gilley is entitled to the house because it would be inequitable for Mr. Gilley to retain an interest in the house. His interest having been obtained through coercion and without consideration. Therefore, his interest in the house is divested and placed in her.”
This ruling obviously referred to the deed executed by plaintiff to defendant by which “he obtained his interest.”
The court’s written decree “divested ... any interest which defendant Marshall Wayne Gilley may own” and “vested [the property] in the plaintiff Wanda Griffin Gilley.”
The court, by such language, voided and set aside the effect of the deed from plaintiff to defendant and thereby vested complete title in the plaintiff.
Our attention has not been called to any Alabama case that involves an identical factual setting. However, 26 C.J.S. Deeds § 61, p. 759 (1956) states: “A threat to inflict some physical injury on a person if a deed is not executed may be sufficient to avoid a deed executed in fear thereof.” See also, Zink v. Zink, 156 A. 926, 109 N.J.Eq. 155 (1931).
“Under the modern doctrine there is no exact legal standard with respect to the sufficiency of facts to produce duress. Accordingly, whether or not a deed will be set aside [for duress] on the ground that it was procured through duress depends on the circumstances of the particular case, such as age, mental capacity, and relation of the parties, and pecuniary necessity and distress.”
26 C.J.S. Deeds § 61, p. 757 (1956) (footnotes omitted).
A deed procured by threats of force and violence or coercion will be set aside by *70 the court. Smith v. Smith, 274 Ala. 641, 151 So.2d 234 (1963).
The court below heard the evidence presented ore tenus concerning the procurement of the deed, and the decision will not be disturbed unless it is plainly, palpably or manifestly wrong. Beavers v. Harris, 265 Ala. 548, 93 So.2d 161 (1957); Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558 (1955); Smith, supra. There was no such manifest error in the decision of the trial court, and its judgment is therefore due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.