**182 So. 5**

**LANE v. BRUNER et al.**

**4 Div. 979.**

Supreme Court of Alabama.

May 19, 1938.

Rehearing Denied June 16, 1938.

W. L. Lee, Alto V. Lee, III, and F. M. Gaines, all of Dothan, for appellant.

L. A. Farmer, of Dothan, for appellees.

ANDERSON, Chief Justice.

The main question involved in this case is whether or no the appellant's evidence was sufficient to establish a deed from her father before his death to the subdivision of land in controversy.

The trial court saw and heard the witnesses, the evidence being ore tenus, and, when such is the case, the conclusion is like unto the verdict of a jury and will not be disturbed unless contrary to the great weight of the evidence. This rule obtains in the trial of cases in equity as well as law. Fitzpatrick v. Stringer et al., 200 Ala. 574, 76 So. 932. We can not say that the establishment of the deed was shown by the great weight of the evidence and the trial court did not err in denying the appellant relief and in dismissing her bill of complaint.

Counsel for appellant contend in brief that even if wrong as to the main point there was error in the final decree in the ascertainment of the respective interests in the land, but there is nothing in the brief that indicates or particularizes the error. The owners are numerous and the errors should have been specifically suggested. Moreover, while the case is affirmed, it is still in fieri as it does not appear that the land has been sold and that the proceeds have been distributed, and any inaccurate estimates as to the share of the respective parties can be brought to the attention of the trial court.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

ANDERSON, Chief Justice.

■ Counsel insist upon rehearing that we failed to consider and determine the question of complainant's title by adverse possession. We did not do so for the very obvious reason that no such issue was presented by either complainant's bill of complaint or her answer to the respondents' cross-bill. As we understand, the complainant's bill charges the pendency of an action of ejectment against her for the land and then sets up that she was the real owner of the land, but that the deed under which she claims the legal title had been lost or destroyed and then seeks by averment and prayer the establishment of a deed from her father to her. Whether this gave the bill equity or not we need not determine as there does not appear any demurrer to same and the trial court, in effect, found that no such deed was made. Nor does the answer to the cross-bill claim title by adverse possession.

On the other hand, if she was basing her title on adverse possession, there was nothing to give the bill equity as there is nothing to indicate that she could not set up title by adverse possession in the pending action at law.

Rehearing denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.