18 So.2d 273

**RAY v. RAY.**

**6 Div. 233.**

Supreme Court of Alabama.

June 1, 1944.

Erle Pettus, of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham and J. Howard Perdue, Jr., all of Birmingham, for appellee.

592

**THOMAS, Justice.**

Bill for divorce by wife against husband; marriage July 17, 1940; date of separation January 4, 1943; grounds, cruelty.

It is averred that respondent earned $240 per month working for the Tennessee Coal, Iron & Railroad Company; that the respondent borrowed from complainant just before the marriage and shortly thereafter, items of $400, $500 and $250, upon promise to repay the same, and that he failed or refused to make any restitution payment.

The prayer was for alimony and attorney's fee and for judgment for money secured by the respondent from the plaintiff.

Demurrers to the bill were overruled and the appellant's answer was filed.

Testimony was heard ore tenus and the cause submitted for final decree upon pleadings and proof; and there was final decree denying the relief prayed by the complainant and dismissing her bill, taxing the costs against her. From this decree the complainant below appeals.

The evidence consisted of the testimony of Alma Goehler, who was an employee of the Iron and Steel Workers' Credit Union and had charge of the records; and of J. W. DeYampert who testified in reference to the transaction about the purchase of the automobile just before the marriage when she advanced the $400; and the complainant, Mrs. Elizabeth Russell Ray, a witness in her own behalf; and the respondent-appellee J. E. Ray, a witness in his own behalf; and the exhibits offered in evidence.

▪ The rules of law governing this case are well established. They are that the trial court's conclusion from oral testimony and depositions in a divorce case that the complainant was not entitled to a divorce should not be disturbed on appeal, unless plainly wrong and contrary to the great weight of the evidence. Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

▪ Where the evidence in a suit in equity was taken before the court viva voce and the conclusions of the court on the facts are supported by the evidence, and not contrary to the great weight of the evidence, the decree will not be reversed. Burke v. Burke, 208 Ala. 502, 94 So. 513; Lane v. Bruner, 236 Ala. 269, 182 So. 5.

▪ In an equity suit where the trial court saw and heard the witnesses who testified in open court, the conclusions reached by the trial court are like a verdict of the jury and will not be disturbed by this court unless contrary to the great weight of the evidence, and this rule obtains in equity as well as in law. Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Cook v. Taylor, 235 Ala. 63, 177 So. 344; Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288.

▪ A divorce on the ground of cruelty is justified only when physical violence endangering life or health has occurred or is reasonably apprehended. Harris v. Harris, 230 Ala. 508, 162 So. 102; Murray v. Murray, 238 Ala. 158, 189 So. 877; Jones v. Jones, 189 Ala. 286, 66 So. 4.

▪ It is further established that the husband and wife may contract with each other, yet such contracts are to be judged as between persons standing in confidential relations. Ray v. Ray, 238 Ala. 269, 189 So. 895.

▪ We have carefully considered the evidence. We are convinced the trial court who saw and heard the witnesses reached the right conclusion. No good purpose will be served by a recital of the respective tendencies of the evidence and this court refrains from doing so. Davis v. Davis, 241 Ala. 385, 2 So.2d 780; Wilson v. State, 243 Ala. 1, 17, 8 So.2d 422, 433; Baugh v. Board of Education, 244 Ala. 522, 14 So.2d 508.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.