46 So.2d 809

### RODGERS v. THORNTON.

6 Div. 956.

Supreme Court of Alabama.

May 11, 1950.

Rehearing Denied June 22, 1950.

Jas. H. Bradford and Jackson, Rives & Pettus, of Birmingham, for appellee.

SIMPSON, Justice.

This case was here before on appeal from a decree on demurrer, where it was held that the bill was good as one to establish a resulting trust. Reference may be had to that opinion for the pleadings in the case. Thornton v. Rodgers, 251 Ala. 553, 38 So.2d 479.

The present appeal presents for decision the right of appellant to relief on the facts.

Mrs. Rodgers, the appellant, formerly wife of defendant, J. L. Thornton, in March, 1948, filed the bill against him to establish a resulting trust in various of his real estate holdings on the theory that in 1925 he had received a certain sum of money of her separate estate and had invested it in a tract of real estate, along with his own money, with the understanding that she would have an interest in it and that throughout the years intervening she had been led to believe that she still was to have an interest in his successive holdings after the sale many years ago of that particular piece of property. The appellant's claim to the sum of money as her separate estate is based on the payment of $3,000 by the

H. L. Anderton, of Birmingham, for appellant.

Birmingham Gas Company in 1925 as damages by reason of a gas explosion in appellee's home, where the couple resided, the contention being that a part of the sum which was paid in settlement of the damages was for personal injuries to herself; that though the husband, appellee, received and utilized the entire sum of money himself, it was to purchase a piece of property upon which another home was later constructed, with his agreement with her that she would have an interest in the property and that her interest would be protected; that though this piece of property was disposed of, as well as many others, her husband left her under the impression that her interests were always to be protected.

In addition to a denial of the entire claim of appellant, the defendant defended on the ground of (1) laches and (2) an agreement (reported with the first case) which was executed between the parties in 1943 in contemplation of a divorce, then obtained by him, whereby it is contended that appellant had released all interest which she might have ever claimed.

■ The applicable principles of law were fully discussed on the former appeal. The principles are well understood and need no further elaboration. The question which we are to decide is one of fact. The trial court on a hearing of the witnesses in open court concluded against Mrs. Rodgers and we are constrained to sustain that holding. We are left unconvinced, after a studious consideration of the record, that she has sustained the *onus probandi.*

■ For emphasis, we refer to the favorable presumption of correctness attending the trial court's conclusion on issues of fact in such cases. On a hearing ore tenus, such conclusions will not be disturbed unless palpably erroneous and are against the great weight of the evidence; and it is not necessarily what view the reviewing court might have of the evidence, but if under any reasonable aspect the decree below is fairly supported by credible evidence, it is our duty to affirm. Lane v. Bruner, 236 Ala. 269,

182 So. 5; Ray v. Ray, 245 Ala. 591, 18 So.2d 273; Penny v. Penny, 247 Ala. 434, 24 So.2d 912. Aided by this presumption, it is clear the decree must be affirmed.

■ But this presumption aside, it is clear the claim of trust cannot be sustained. The evidence is too uncertain that any ascertainable part of the $3,000 was paid by the gas company in settlement for personal injuries of Mrs. Thornton (Rodgers) or that any of her money went into the purchase of any property as a basis even to establish a trust in the first property acquired, had Thornton still held title to it. To declare a trust upon property, the specific trust fund or some ascertainable part of it must be traced into that property. Kennedy v. Carter, 217 Ala. 573(3), 117 So. 182; 19 Ala. Digest, Trusts, ☞358. This, as observed, appellant has not done.

■■ It must be remembered that the theory underlying the right to relief is the use of appellant's money to buy land or an interest in land, the title being taken in her husband. The principle has its foundation in the natural presumption that one who supplies the purchase money intends the purchase to be for his own benefit and not for another, and when the conveyance is taken in the name of another the presumption usually arises that the grantee is holding the land in trust for the purchaser. But this is only a rule of presumption to be applied in the absence of all rebutting circumstances. And where the attendant circumstances rebut such presumption, then the duty is on the one seeking to establish the trust to prove it by clear, convincing and unequivocal evidence. We have said in such cases that the proof must correspond more closely with the pleadings than in other cases, and if the proof is doubtful, uncertain or unsatisfactory, relief will be denied. Merchants National Bank of Mobile v. Bertolla, 245 Ala. 662, 18 So.2d 378; Lauderdale v. Peace Baptist Church, 246 Ala. 178, 19 So.2d 538.

■ In the light of this established principle, we are not willing to disturb the finding below. The trial court must

have been impressed, as are we, with the adumbrant character of proof proffered to sustain the trust, as well as the long delay of the plaintiff in attempting to assert any rights in any of her husband's properties. Even though, we gather from her testimony, there had been strained relations between herself and her husband for many years prior to the divorce, during all these years she joined in conveyances of various of his properties, and then when the divorce proceedings were concluded in 1943 she entered into the agreement which apparently settled any claim she might have had to any of his property, and still took no steps to protect herself in regard to this claim of trust. She, of course, sought to prove her lack of understanding of the agreement, but here again the trial court was warranted in concluding that she failed to sustain the burden of proof.

Our conclusion is that the decree below should not be disturbed.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.