82 So.2d 558 (1955)
Joe Davis LAMAR
v.
Frances Hamilton LAMAR.
1 Div. 609.
Supreme Court of Alabama.
September 22, 1955.
*559 Knabe & Nachman, Montgomery, and C. LeNoir Thompson, Bay Minette, for appellant.
Telfair J. Mashburn, Jr., Bay Minette, for appellee.
*560 GOODWYN, Justice.
This is an appeal from a final decree of the circuit court of Baldwin County, in equity, establishing a resulting trust in favor of appellee to an undivided one-half interest in certain real property and ordering a sale of the property for division.
Appellant (as husband) and appellee (as wife) entered into a purported marriage ceremony in 1941 and lived together thereafter as man and wife until their separation in 1953. The real property here involved was acquired while they were so living together. In 1954 appellee filed a suit for divorce against appellant on the ground of cruelty and also sought by the bill to have a resulting trust to the real property decreed in her favor. During the taking of the testimony it was established that appellee, at the time of her purported marriage to appellant in 1941, had a living undivorced husband who was still living. This evidence was given in support of appellant's cross-bill seeking an annulment of his purported marriage with appellee.
Prior to conclusion of the hearing appellee amended her bill by withdrawing the prayer for a divorce, leaving the bill as one for a resulting trust with a prayer that the property be sold for division in event it should be deemed that appellee was "the owner of an undivided one-half interest in the property rather than the owner of the fee."
The parties stipulated that "if the Court should rule that the parties to this suit are joint owners, or tenants in common, of the real property described in the bill of complaint, said real property is not capable of being divided equally without a sale for division."
The trial court annulled the parties' marriage, decreed that each owned an undivided one-half interest in the property and ordered said property sold for division.
Appellant relies on two grounds for reversal: I. That the decree, in declaring a resulting trust in favor of appellee, is not supported by the evidence. II. That the trial court was without jurisdiction to order a sale of the land for division, even though it should be held that the declaration of a resulting trust in favor of appellee was proper.

I.
All of the evidence was heard orally by the trial court. When such is the case, that court's finding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. Haden v. Boykin, 259 Ala. 504, 507, 66 So.2d 708; Hinson v. Byrd, 259 Ala. 459, 462, 66 So.2d 736; Alabama Mills v. Brand, 251 Ala. 643, 645, 38 So.2d 574. And this rule applies both in equity and in law. Ray v. Ray, 245 Ala. 591, 592, 18 So.2d 273; Lane v. Bruner, 236 Ala. 269, 182 So. 5. We have said it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm. Rodgers v. Thornton, 254 Ala. 66, 68, 46 So.2d 809. In the light of these rules of review we are constrained to hold that error was not committed in declaring a resulting trust in favor of appellee.
We see no reason why the principle applicable where a wife's money is used in purchasing real estate, and the title is taken in the husband's name, should not also apply to this case, even though the decree annulled the parties' marriage. At the time the money was furnished by appellee, she was living with appellant as his wife and, undoubtedly, furnished the money in the belief that they were legally married.
In Thornton v. Rodgers, 251 Ala. 553, 556-557, 38 So.2d 479, 482, we had this to say:
"It is a settled principle that a `resulting trust will be decreed in favor of wife where husband invests her moneys in real or personal property and takes title in his own name.' Mandelcorn v. Mandelcorn, 228 Ala. *561 590, 154 So. 909, 911, 93 A.L.R. 322. And in such a situation where a resulting trust is sought to be established, the wife may either charge the property with payment of the money or claim the property itself. Tilford v. Torrey, 53 Ala. 120, 122; Nettles v. Nettles, 67 Ala. 599. If only a portion of the purchase money belonged to the wife, a resulting trust arises to the extent of the sum so used. Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81. * * *"
From Adams v. Griffin, 253 Ala. 371, 373, 45 So.2d 22, 23, is the following:
"The rule is well established that where one buys land in the name of another and pays the consideration money, generally the grantee will be regarded as holding the land in trust for the person who paid the consideration. Lauderdale v. Peace Baptist Church, 246 Ala. 178, 19 So.2d 538; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752. * * *"
We have held that "where the wife pays for the property and the title is taken in the name of the husband, there is no presumption of a gift." Wilson v. Wilson, 257 Ala. 135, 137, 57 So.2d 519, 520, and cases there cited.
No good purpose would be served in detailing the evidence. We deem it sufficient to say that we have carefully examined the evidence and are of the opinion that it clearly supports the trial court's finding that appellee's money was used in part in purchasing the suit property. Thus, there was afforded a presumption of a resulting trust in favor of appellee to the extent of her money so used. Thornton v. Rodgers, supra; Mandelcorn v. Mandelcorn, supra. There is evidence to support the finding that appellee furnished her money in proportion to the interest in the property decreed in her favor.
The position taken by appellant is that none of the purchase money was furnished by appellee. Hence, the question of whether the purchase money furnished by her was a gift to appellant is not involved.

II.
We find no merit in appellant's contention that the trial court was without power to order a sale of the property for division. There is no question about the property being incapable of being divided in kind. We have already noted the parties' stipulation that it cannot be divided without a sale.
Obviously, the same parties and property are involved in the sale of the land for division as were involved in the aspect of the bill seeking a resulting trust. Having decreed appellee to be the owner of an undivided one-half interest in the property, the other one-half being owned by appellant, we see no error in the trial court's decree ordering a sale of the property for division among said joint owners, as prayed for. Where a court of equity takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice in respect to matters which directly result from its decree. Moore v. Moore, 255 Ala. 393, 401, 51 So.2d 683; First Nat. Bank of Birmingham v. Johnson, 227 Ala. 40, 41-42, 148 So. 745; and numerous cases cited in Alabama Digest, Equity, 39(1). It is thus stated in Moore v. Moore, supra [255 Ala. 393, 51 So.2d 690]:
"It is a familiar principle that equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction of a part the court will determine all the interrelated equities of the whole. `Equity delights to do justice, and not by halves.' The bill in the instant case is based upon these fundamentals and will avoid multiplicity of suits. * * *"
The decree appealed from is due to be affirmed.
Affirmed.
LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.