181 So.2d 899

**R. E. TYRA et al.**

v.

**A. B. BURNS.**

**6 Div. 202.**

Supreme Court of Alabama.

Jan. 6, 1966.

Hoyt Elliott, Jasper, for appellants.

Bill Fite, Hamilton, for appellee.

MERRILL, Justice.

This appeal is from a decree canceling a deed from appellee to appellants. The appellee, in his bill, charged undue influence, that the purported transfer was voluntary, and that he did not understand what he was doing when he executed the deed. There was a general prayer and appellee offered to do equity.

After a hearing ore tenus, the trial court ordered the deed cancelled and restored the parties to their original positions. No money was involved, but the parties exchanged deeds to two different parcels of land and the court declared both deeds null and void.

Appellants argue in brief only those assignments of error which raise the sufficiency of the evidence to support the decree of the court. We agree with appellants that the evidence does not support the contention that the conveyance was voluntary. The exchange of property and other purported agreements did constitute a valuable consideration.

But the trial court did not specify on what ground he ordered the deeds to be set aside and cancelled.

If, under any reasonable aspect, the trial court's decree is fairly supported by credible evidence, this court must affirm that decree, irrespective of what view we may have of the evidence. Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809, 2A Ala. Dig., Appeal & Error, ☞1009(2).

We list only some of the evidence, which if believed by the trial court, supported the cancellation of the deed on the ground that appellee did not know what he was doing when he executed the deed. At that time, he was eighty years of age and was suffering from high blood pressure and pellagra; he had been confined in a mental institution some years prior to this transaction; he testified that he did not remember signing the deed; that he was subject to "black-outs" and had suffered from "black-out" spells for twenty years. Appellee's doctor testified that appellee was affected by high blood pressure, heart trouble and pellagra and that he found appellee to be mentally incompetent "most of the time, but at times he can talk with a great deal of sense." The record is replete with evidence of appellee's low mentality.

We think this evidence is sufficient to support the decree of the trial court on the

ground of the mental incapacity of appellee at the time he executed the deed. Stallworth v. Ward, 249 Ala. 505, 31 So.2d 324.

 Moreover, practically all the evidence was conflicting as to every facet of the case. A finding or decree of the trial judge on conflicting evidence will not be disturbed, unless plainly erroneous, Cox v. Parker, 212 Ala. 35, 101 So. 657; and we have held where testimony as to the mental capacity of the grantor was conflicting and the trial court had the witnesses before him, his decision would not be reversed unless it was clearly contrary to the weight of the evidence. Webb v. Bank of Brewton, 265 Ala. 568, 93 So.2d 154.

We cannot say that the decree was either plainly erroneous or contrary to the weight of the evidence. No reversible error appears.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.