This is a divorce case. The Circuit Court of Madison County awarded custody of the parties' 18 month old child to the father. Additionally, the trial court granted certain visitation rights to the mother. From this decree the mother appeals.
The issues on appeal are (1) did the trial court err in awarding custody of the child to the father (2) did the trial court err in only allowing the mother to visit the child in the presence of the father and (3) did the trial court err to reversal in finding in its decree that a child the mother was pregnant with at the time of the divorce was not the child of the appellee-father.
We find the trial court did not err in awarding custody to the father and in finding that the unborn child was not fathered by the appellee. We do find the learned trial judge erred in its award of visitation.
Much of the evidence regarding the mother's conduct toward the child is in conflict. There is evidence that she cared for the child in a suitable manner. There is also testimony that she did not care for the child in a proper manner. However, viewing the trial court's decree with the attendant presumption of correctness, we find that there is evidence from which the trial court could have found that the mother did little to care for the child's daily needs, that these needs were performed by the father or by his parents or others, and that the mother left the father and lived in a dwelling with her boy friend. Residing in this same dwelling was the appellant-mother's father (the child's maternal grandfather) and his girl friend (the maternal grandfather being separated at the time from the maternal grandmother). The evidence further showed that the mother while married had sexual relations with a man other than her husband, that the mother was at the time of the divorce pregnant by a man not her husband, that the mother worked all night.
Additionally, the trial court could have found that the husband is a hard worker and with the help of his parents is able to adequately care for the child.
The following language found in Linderman v. Linderman,49 Ala. App. 662, 664-65, 275 So.2d 342, 343-44 (1973), is appropriate and controlling in this instance:
 "Cases dealing with custody of children are among the hardest to deal with and courts are seldom satisfied in all respects with the results reached; however, the overwhelming consideration in cases of this nature is the welfare of the children. . . . the trial court heard the evidence, observed the witnesses, and based its decision of these factors in arriving at its determination that the welfare of the children would best be served by [the father] having primary custody of the children. There is a strong presumption favoring the trial court's findings in cases of this class. . . . We are further mindful [that] . . . there is no law in this state which gives either parent priority as to the right of custody. It is usually that a child or children, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child or children. . . .
. . . . . *Page 1362 
 "As the Supreme Court of Alabama has stated, `. . . it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm.' See Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809."
That a parent may forfeit the prima facie right to custody of a child by his or her conduct is clear. Jackson v. Farmer,247 Ala. 298, 24 So.2d 130 (1945); Borsdorf v. Mills, 49 Ala. App. 658, 275 So.2d 338 (1973).
In view of the evidence, as summarized above, we cannot say the trial court erred to reversal in awarding custody to the father.
In the trial court's decree we find the following:
 "4. The Court finds that Darin Christopher Keele is the only child born of this marriage and the only child which plaintiff Darin Keele has a duty to support. To be more specific, the child presently being carried by the defendant, Dianne Keele was not fathered by the plaintiff Darin Keele."
While we make no comment as to the effect or propriety of the above finding, we do not find that such requires a reversal. Suffice it to say that there is ample evidence contained in the record that supports the conclusion that the unborn child being carried by Dianne Keele is not the child of Darin Keele.
The final contention of the mother is that the trial court erred when it found that the mother's visitations with the child must be in the presence of the father. Specifically, the trial judge decreed as follows:
 ". . . subject, however, to the right of visitation by the defendant, Dianne Keele, which visitation shall be enjoyed only in the presence of the plaintiff, Darin Keele, and shall have no right to remove the child from his home or his presence."
We would note that the mother does not reside in the same town where the father resides.
The trial court has wide discretionary powers in the settlement of visitation rights. Whiteport v. Whiteport,283 Ala. 704, 220 So.2d 891 (1969). However, such discretion can be abused.
Here, where there is no evidence that the child was physically abused by the mother, where the mother resides some distance from the husband, where the maternal and paternal grandparents (the maternal grandparents are now residing together) can assist in visitations prescribed, and where the parents' attitude toward one another would obviously not be amenable, we find the trial court erred to reversal in requiring the mother to exercise visitations only in the presence of the father.
We remand the case to the trial court for a determination of visitation rights with a suggestion that requiring a bond be posted by the mother is available to the judge if he so chooses. Additionally, the use of the grandparents might be considered by the trial court. In any event, the trial court is in a better position to make a proper determination of appropriate visitation rights than is this court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1363