HOLMES, Judge.
This is a divorce case.
The Circuit Court of Houston County, after an ore tenus hearing, granted a divorce, made a division of property, and awarded the parties’ two minor twin boys, age 3, to the husband.
The wife appeals contending the trial court erred to reversal in awarding custody of the children to the husband. We disagree and affirm.
The evidence is in conflict. However, viewing the record with the attendant presumptions accorded the trial court’s decree, there is evidence that the mother left the children on several occasions. These absences were on occasion for extended periods of time. During these times the husband cared for the children. Additionally, there was testimony that the mother had an “affair” with a man other than the husband while married to the husband.
There was also evidence that the husband had a violent temper and had on occasion “hit” the children leaving marks on them.
Both parties worked. The mother at one time worked two jobs. The mother now works at night and the father during the day. We would note at this point that the work schedules as now existing also existed during the marriage. Presently, the father leaves the children with a baby-sitter in the home of the baby-sitter during the day. The father cares for the children at night.
In addition to the above, there was testimony that both parties were excellent parents and the children would be cared for by either.
While the above is not a detailed statement of the entire evidence presented below, we believe it to be sufficient for purposes of this appeal.
Able and distinguished counsel for the mother in a well written brief argues the “tender years” doctrine.
The following language found in Linderman v. Linderman, 49 Ala.App. 662, 664 — 65, 275 So.2d 342, 343-44 (1973), and quoted in Keele v. Keele, Ala.Civ.App., 347 So.2d 1360,1361 — 62 (1977), is appropriate and controlling in this instance:
“Cases dealing with custody of children are among the hardest to deal with and courts are seldom satisfied in all respects with the results reached; however, the overwhelming consideration in cases of this nature is the welfare of the children.
. The trial court heard the evidence, observed the witnesses, and based its decision of these factors in arriving at its determination that the welfare of the children would best be served by [the father] having primary custody of the children. There is a strong presumption favoring the trial court’s findings in cases of this class. . . . We are further mindful [that] . . . there is no law in this state which gives either parent priority as to the right of custody. It is usually that a child or children, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child or children. .

“ . . . As the Supreme Court of Alabama has stated, ‘ . . . it is not necessarily a question as to what view the reviewing court might have of the evidence, but that if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm.’ See Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809.”
With the above in mind, and considering the evidence of the mother’s absences from *1231 the home and her other conduct, as indicated above we cannot say that the trial court erred to reversal.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.