This is an appeal from a declaratory judgment which found that the defendant, *Page 856 
Eugene V. Cox, doing business as Cox Insurance Agency, was liable for any sums of money which James Pridgen, Frank French and Ronald Butler, doing business as P B Welding and Fabricating, a partnership, would have to pay as a result of an injury to the latter's employee, Wilson. We affirm.
For the plaintiffs it was asserted that in 1974 the Cox Agency was asked by the plaintiffs to provide workmen's compensation and general liability insurance coverage to the partnership. According to Ms. Martha Pridgen, plaintiffs' employee, the coverage requested was for workers in both Alabama and Tennessee. But before that coverage was effected by payment of premium the plaintiffs stopped their work in Tennessee and thus decided not to purchase that protection. Later, however, the plaintiffs resumed operations in Tennessee, and Mr. Pridgen contacted Mr. Cox concerning workmen's compensation coverage for that work: "I told him I wanted to reapply for the insurance that I had not paid the premiums on." Thereafter Pridgen went to Cox's office and signed an insurance application which, concededly, was incomplete at that time but later completed by Cox.
In due course a workmen's compensation policy, covering Alabama operations only, was issued by an insurance carrier, and later one of the plaintiffs' workmen was injured on the Tennessee job site. The insurance carrier denied coverage. The employee sued these plaintiffs in Tennessee, and the plaintiffs in turn sued the Cox Agency and the insurance carrier in Montgomery County circuit court. That court granted summary judgment in favor of the insurance carrier, but held the defendant Cox liable for whatever sums the plaintiffs might be required to pay as a result of the Tennessee lawsuit brought against these plaintiffs.
The principle of law applicable to these facts is succinctly stated in Highlands Underwriters Ins. Co. v. Elegante' Inns,Inc., Ala., 361 So.2d 1060, 1065 (1978):
 ". . . when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom. . . ." (citation omitted)
Our review is predicated upon the principle that the trial court's decree ore tenus must be affirmed if it is fairly supported by credible evidence under any reasonable aspect, and thus such a finding will not be disturbed unless palpably erroneous. Tyra v. Burns, 279 Ala. 84, 181 So.2d 899 (1966);Rogers v. Thornton, 254 Ala. 66, 46 So.2d 809 (1950).
The defendant's position is that there was no agreement or undertaking to provide insurance coverage in Tennessee. For this position the defendant relies heavily on the fact that the application for insurance, signed by the plaintiff Pridgen, stated:
 The undersigned employer hereby applies for workmen's compensation insurance in Alabama. . . .
It should be noted, however, that the evidence disclosed a request to the defendant's representative for Tennessee coverage in the original application, dated December 2, 1974, even though that application, like the application of March 7, 1975 (the second application) disclosed that "Alabama" was typed onto a vacant space in the quoted sentence. Although both applications themselves are restricted to Alabama ("This application is for such state only; if coverage is desired in additional states the employer should consult the insurance company"), the first application discloses information that the plaintiffs did business in other states ("Do you operate in other states? Yes"). Where this question is asked in the second application the word "no" is typed in the blank space provided. This discrepancy was explained in the testimony of Mrs. Pridgen, who was the plaintiffs' secretary in 1974 when the first application was filed by Mr. French, one of the partners, and by Mr. Pridgen, another partner.
Mrs. Pridgen testified that she told a Mr. Sims of the Cox Insurance Agency that "we needed general liability . . . and *Page 857 
Workmen's Compensation insurance for the workers and that we were working in Tennessee and Alabama." Mr. Sims filled out the application and she signed it for her husband. She received a premium notice for the workmen's compensation policy which recited that the policy would not be issued until the premium was paid.
Mr. French had a conversation with Mr. Sims in December, 1974 when Sims came to the plaintiffs' shop with a bill for the liability insurance. French told Sims that no workmen's compensation insurance was needed at the time "because we didn't have sufficient employees," however they discussed the possibility of future work in Tennessee and the need for that insurance in the future.
Mr. Pridgen testified to the renewal of work in March, 1975 and to a conversation with Mr. Cox at that time. He acquainted Mr. Cox with his desire to secure workmen's compensation insurance and asked whether he should send the premium to the original company. He stated that Mr. Cox replied that "it would be no problem to get the insurance, to come by his office . . . and . . . they'd send . . . an application." Later, in Mr. Cox's office, Mr. Cox did not question him about the location of his work — Pridgen stated that he was asked only about his projected payroll and gross sales. In his later testimony Mr. Cox said that he filled out the second application without any information from Pridgen other than his payroll. Pridgen did not recollect anything being on the application he signed at that time (the second application) "but it possibly could have been something on the other side of it." He was unaware that the application was restricted to Alabama operations.
Defendant Cox earnestly insists that no evidence was introduced to establish that Mr. Sims undertook to provide the workmen's compensation coverage. To the contrary, he insists that the opposite conclusion must be reached because following the initial conversation, the plaintiffs received a letter from the Southeastern Compensation Rating Bureau stating that their risk was being assigned to Travelers Insurance Company and "enclosing a signed copy of the application of insurance." This application, Cox urges upon us, requested coverage for Alabama only. Moreover, Cox insists that Mr. Pridgen did not inform him of the Tennessee operations, and Mr. Cox testified that he was unaware of them until after the accident. Cox also points out that Mr. Pridgen was directed to Mr. Cox on the second occasion by a Mr. Tallant, to whom Mr. Pridgen had gone for information concerning a bond for a job in Aliceville, Alabama. This bond required workmen's compensation insurance and Mr. Cox's understanding was that the coverage was being procured for the Aliceville job.
In Timmerman Insurance Agency v. Miller, 285 Ala. 82,229 So.2d 475 (1970) this Court cited with approval a proposition contained in Appleman, Insurance Law and Practice, Vol. 16, § 8841:
 "An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance. * * * And while such broker is not obligated to assume the duty of procuring a policy, without consideration for his promise, he must exercise ordinary care in the performance of such duty when assumed, * * *.
We believe the evidence supports the reasonable conclusion that the Cox Agency agreed to procure workmen's compensation insurance coverage. The initial conversation between Mrs. Pridgen and Sims, the conversation between Sims and French, the request of Pridgen to Mr. Cox, the reference to business in other states contained on first application, and the fact that other coverage, consistent with the original request, was procured, all tend to establish the agreement in question. To be sure, the evidence is not conclusive, but essentially it made a factual issue for the trial judge hearing the evidenceore tenus. We cannot state that his conclusion on that evidence was palpably wrong. Accordingly, his decree must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 858