This is an appeal from a judgment upholding the validity of a deed. We affirm.
On July 13, 1974, Richard Seals and Martha Ann Seals conveyed forty acres of land to their son, Curtis Seals, for a consideration of ten dollars. The deed was notarized and recorded ten days later.
On February 23, 1978, Richard Seals, then ninety years of age, filed a complaint against Curtis, alleging that the deed was not delivered; that it was not given for the purpose of conveying title; that no consideration was given; and that Curtis unduly influenced his parents so as to have them execute the deed to him. On March 9, Curtis filed an answer alleging that the deed was valid. Richard Seals died on January 17, 1980, and on February 4, a motion to substitute the parties was granted in favor of all the heirs at law and next of kin. The trial was held without a jury and the Court upheld the deed. A motion to reconsider, or in the alternative seeking a new trial, was denied.
The first issue is whether the allegations of undue influence are sufficient to warrant the setting aside of the deed. The plaintiffs contend that the burden is on Curtis to prove that the conveyance was without undue influence, because of the parties' relationship, the advanced age of the parents, and the poor physical health of Martha Ann. Plaintiffs allege that Richard Seals was illiterate and senile and that both parents had been dependent on their son to transact their business after 1973. Plaintiffs also insist that the conveyance was for the son to use as security to purchase other property and therefore a constructive trust *Page 224 
was created. The determination of undue influence relative to the execution of a deed depends on the facts and circumstances of each case. Milliner v. Grant, 253 Ala. 475, 45 So.2d 314
(1950).
The relationship of parent and child is confidential as it relates to the question whether the deed from parent to child can be set aside as having been procured by undue influence. The burden was on Curtis to rebut the presumption of undue influence if the evidence tended to show that he was the dominant party. Killough v. DeVaney, 374 So.2d 287 (Ala. 1979). Undue influence in procuring a deed is constructive fraud, difficult to prove, with much latitude allowed in the testimony. Jones v. Boothe, 270 Ala. 420, 119 So.2d 203 (1960);Brothers v. Moore, 349 So.2d 1107 (Ala. 1977). This Court stated in Terry v. Terry, 336 So.2d 159 (Ala. 1976):
 "It is not influence which is charged, but undue influence. Mere suggestion does not constitute undue influence, nor does solicitation suffice unless the grantor be worn out with importunities so that his will gives way."
In order for undue influence to arise, the influence must destroy the free agency and substitute the will of another for that of the person nominally acting. Halman v. Bullard,261 Ala. 115, 73 So.2d 351 (1954). In Halman, the Court, citingHarris v. Bowles, 208 Ala. 545, 94 So. 757 (1922), stated:
 "[S]olicitation does not amount to undue influence unless the grantor be worn out with importunities so that his will gives way. . . .
 ". . . [U]ndue influence is charged, and must necessarily be proven to overthrow the transaction. Influence which is the result of sympathy and affection only is not the undue influence that is condemned by the law." (Emphasis in original.)
If under any reasonable aspect, the trial court's decree is fairly supported by credible evidence, this Court must affirm that decree, irrespective of what view we may have of the evidence. Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809
(1950); Tyra v. Burns, 279 Ala. 84, 181 So.2d 899 (1966). A review of the evidence leads us to conclude that there was sufficient evidence for the trial court to hold there was no undue influence on the part of Curtis when the deed was executed to him. Indeed, there is a clause in the deed admonishing him to keep the property — never dispose of it.
The second issue concerns the consideration given. It is a well-established principle that inadequacy of consideration is insufficient to vitiate a conveyance. Where consideration expressed in the deed is stated to be the sum of one dollar and other good and valuable consideration, it is sufficient to support the conveyance. Taylor v. Jones, 285 Ala. 353,232 So.2d 601 (1970).
The issue as to whether a constructive trust is created is one of fact and as stated previously, where the evidence is presented orally and without a jury, the trial court's findings of fact will not be disturbed unless clearly erroneous and manifestly unjust. Brothers v. Moore, supra.
A constructive trust is a creature of equity which prevents unjust enrichment. It will be applied when property has been acquired by fraud or where it would not be equitable to allow it to be retained by him who holds it. Brothers v. Moore,supra; Putnam v. Putnam, 274 Ala. 472, 150 So.2d 209 (1963). InPutnam, supra, the Court handed down a decision using the device of a constructive trust, finding that Mrs. Putnam held property unfairly and "in hostility to the beneficiary's right of ownership." Mrs. Putnam had been given money by her husband to purchase a house with the deed to be taken in their names jointly. Without the husband's knowledge, the deed was taken in the wife's name only, and upon the ensuing divorce, she claimed sole ownership. In the case at bar however, we find no convincing evidence that the deed was given to Curtis for the purpose of *Page 225 
collateral only or that Curtis held the property contrary to Richard Seals's intention.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.