The executor of the estate of John Woodson Stone, Jr. ("the Estate"), appeals from a judgment setting aside certain transfers of real property and vesting title in the appellee, Helen Lucylle Stone. We reverse and remand.
The issue is whether a transfer of real property by deed made in contemplation of divorce is valid although the divorce was never obtained.
John Woodson Stone, Jr., and Helen Lucylle Stone were married in November 1970. During the marriage, the couple acquired four parcels of real property, which they held jointly with the right of survivorship. In September 1985, in contemplation of divorce, the couple orally agreed to transfers of the four parcels of real property and other personal property jointly owned and acquired during the marriage.
With the aid of counsel, Mrs. Stone transferred her interest in two of the parcels to Mr. Stone, and likewise, Mr. Stone transferred his interest in the remaining two parcels to Mrs. Stone. The deeds were executed on September 9, 1985. The documents for a divorce proceeding were prepared, but no divorce complaint was ever filed. The couple continued living together until Mr. Stone's death on March 8, 1987.
On February 3, 1987, Mr. Stone executed a will wherein he revoked all former wills and left his entire estate to two of his three daughters. The will provided, in pertinent part:
 "It is my desire that all of my property go to my two daughters Francis Stone and Bonita Sutton, even though I am married to Helen Lucylle Stone, because she is financially independent. In addition, my wife and I have previously divided all of our property and assets in 1985 when we had entered into a divorce action. I attached hereto a copy of the property distribution and settlement that was in fact executed and completed at the time of our pending divorce even *Page 229 
though we did not in fact complete the divorce."
Mr. Stone was survived by his wife, Helen Lucylle Stone, and three daughters. On April 20, 1987, the will was admitted to probate. Mrs. Stone, as the surviving spouse, filed a petition in probate court for an elective share, the homestead allowance, the exempt property allowance, and the family allowance. The probate court found that the value of Mrs. Stone's separate estate exceeded the value of the decedent's estate at the time of his death; therefore, the petition for an elective share and the family allowance was denied. However, the probate court awarded Mrs. Stone a homestead allowance in the amount of $6,000 and a personal property exemption allowance in the amount of $3,500.
Mrs. Stone moved to alter, amend, or vacate the judgment, or in the alternative, for a new trial. In the motion, she alleged that the property transfers that were made in September 1985 were made solely in anticipation of a divorce that was never obtained and argued, therefore, that the deeds were null and void for a lack of consideration. The motion for new trial was granted.
After a trial, the probate court held that "contemplation or intent for divorce was the sole consideration upon which the division of property (real and personal) was predicated. . . . and therefore, failure to secure the divorce removed consideration for division of property." Pursuant to that holding, the court set aside the transfers of property made by Mr. Stone and Mrs. Stone and vested title in Mrs. Stone. The Estate's motion to alter or amend the judgment or, in the alternative, for a new trial was denied, and the Estate appealed.
The Estate argues, inter alia, that the trial court erred in setting aside the transfers because, it argues, a deed cannot be set aside due to inadequate consideration or lack of consideration. Mrs. Stone argues that the intention of the parties and the surrounding circumstances govern whether a property division made in contemplation of divorce is subsequently abrogated by a reconciliation of the parties.
A deed may represent a gratuitous conveyance of realty, and even a total failure of consideration is insufficient grounds for the cancellation of an otherwise valid deed. "A deed is valid and operative as between the parties and their privies whether founded on consideration or not." Porter v. Roberson,263 Ala. 294, 296, 82 So.2d 244, 245 (1955); Ingram v. Horn,294 Ala. 353, 317 So.2d 485 (1975). In any event, the exchange of property constitutes valuable consideration for a deed. Tyrav. Burns, 279 Ala. 84, 181 So.2d 899 (1966).
Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.