SHORES, Justice.
Helen Lucylle Stone, the widow of John Woodson Stone, Jr., appeals from a judgment of the Probate Court of Mobile County, Alabama. This case was previously before us in Sintz v. Stone, 562 So.2d 228 (1990).
The Stones were married in November 1970. They contemplated divorce in 1985 and during that period made transfers of real and personal property. No divorce complaint was ever filed, however, and the couple lived together until Mr. Stone’s death on March 8, 1987.
On February 5, 1981, Mr. Stone executed a will in which he left all of his property to Mrs. Stone. After his death, a will executed February 3, 1987, was admitted to probate. Mr. Stone had kept the existence of this 1987 will a secret from Mrs. Stone. This 1987 will left Mr. Stone’s entire estate to two of his three daughters. Sintz v. Stone relates what followed:
“On April 20,1987, the will was admitted to probate. Mrs. Stone, as the surviving spouse, filed a petition in probate court for an elective share, the homestead allowance, the exempt property allowance, and the family allowance. The probate court found that the value of Mrs. Stone’s separate estate exceeded the value of the decedent’s estate at the time of his death; therefore, the petition for an elective share and the family allowance was denied. However, the probate court awarded Mrs. Stone a homestead allowance in the amount of $6,000 and a personal property allowance in the amount of $3,500.
“Mrs. Stone moved to alter, amend or vacate the judgment, or in the alternative, for a new trial. In the motion, she alleged that the property transfers that were made in September 1985 were made solely in anticipation of a divorce that was never obtained and argued, therefore, that the deeds were null and void for a lack of consideration. The motion for a new trial was granted.
“After a trial, the probate court held that ‘contemplation or intent for divorce was the sole consideration upon which the division of property (real and personal) was predicated ... and therefore, failure to secure the divorce removed consideration for division of property.’ Pursuant to that holding, the court set aside the transfers of property made by Mr. Stone and Mrs. Stone and vested title in Mrs. Stone.”
562 So.2d at 229.
Sintz v. Stone stated that the issue before this Court in that proceeding was “whether a transfer of real property by deed made in contemplation of divorce [was] valid although the divorce was never obtained.” Id. at 228. In reversing and remanding the cause for further proceedings consistent with the opinion, we said, “A deed may represent a gratuitous conveyance of realty, and even a total failure of consideration is insufficient grounds for the cancellation of an otherwise valid deed.”
On remand, the probate court interpreted our holding in Sintz v. Stone as applicable to conveyances of personal property as well as of real property. In doing so, the probate court said, “[T]his Court interprets the opinion of the Supreme Court of Alabama to be that both conveyances of real property and transfers of personalty which consisted of money market funds, bond ac *1272 counts and other liquid assets were transfers which should not have been voided by this Court_” (C.R. 18.) On appeal, Mrs. Stone contends that the decision in Sintz v. Stone applied only to the real property in question and that the transfers of personalty were void for lack of consideration.
We first address the question of whether this Court’s decision in Sintz v. Stone covered personalty as well as real property. We hold that it did not. The precise issue before this Court in that case related only to real property. Sintz v. Stone did not address the issue whether the transfers of personalty should be set aside as decreed by the original order of the probate court.
Therefore, the question in this appeal becomes whether the transfer of personalty made solely in contemplation of a divorce that never transpired should be set aside as void for lack of consideration.
Williams v. Williams, 261 Ala. 328, 74 So.2d 582 (1954), cited with approval in White v. White, 350 So.2d 326 (1977), states the general rule as follows:
“The general rule as stated by the annotator in 40 A.L.R. 1227, is where husband and wife have made a separation agreement and thereafter become reconciled and resume cohabitation, it is said generally that the effect is to annul the agreement. Limitations of the rule are stated by the annotator on page 1231 of 40 A.L.R., as:
“ ‘The general rule as heretofore stated, while laid down generally in many cases, is, by most of the decisions which have considered it in that aspect, limited to such separation agreements as provide merely for living separately and for the payment of a stated sum for separate maintenance. As to other provisions, it is said that whether a reconciliation operates to annul the agreement depends on the intention of the parties as shown by their acts.’ ”
261 Ala. 328, 335-36, 74 So.2d 582, 589 (1954).
The annotation found at 35 A.L.R.2d 707 (1954) supplements 40 A.L.R. 1227, and it states the general rule as follows:
It is generally said that where a husband and wife have made a separation agreement and have thereafter become reconciled and resumed cohabitation, the agreement is abrogated. Other cases state that the executory provisions of a separation agreement are annulled or abrogated by a reconciliation and resumption of cohabitation_ The consideration for a separation agreement fails when the parties become reconciled and resume cohabitation.... But it is said in some jurisdictions that a separation agreement is not necessarily abrogated upon the reconciliation of the parties, and that the question whether the agreement survives or is at an end depends upon the intention of the parties. Where a separation agreement is abrogated by a reconciliation, it is not revived if the parties separate again.”
35 A.L.R.2d 707, 708-09. Mrs. Stone contends that transfers of personalty are controlled by this general rule and argues that in this case the trial court should have voided the transfers of personalty.
The evidence in this case reflects that the parties transferred certain personal property in contemplation of a divorce that never took place. The evidence also reflects that the parties never executed a formal property settlement or separation agreement. The parties resumed cohabitation and continued to live together until Mr. Stone’s death. The rule stated in Williams v. Williams, supra, controls this case as it relates to the conveyance of personal property in contemplation of a divorce that did not occur.
Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.