RICHARD L. JONES, Retired Justice.
Thomas E. Bryant, Jr., conservator of the estate of Frankie Ruth Gaston, an incapacitated person, appeals from a judgment of the Mobile Circuit Court refusing to set aside the transfers of property from the conservator’s ward to the defendants.
We quote the entire text of the “Order and Judgment” appealed from:
“This matter came on for bench trial on August 8, 1994. All parties were present and represented by counsel. This case concerns the issue of whether certain inter vivos transfers of money and property made by Frankie Ruth Gaston to the defendants should be set aside because of undue influence.On August 8, 1994, the court received documentary evidence, testimony of witnesses, and argument of counsel. The case was taken under submission pursuant to this court’s written order of August 8, 1994. After due deliberation, the court finds as follows:
“Findings of Fact
“1. Although Frankie Ruth Gaston died on October 23, 1993, this action was brought by her duly appointed conservator while she was still alive, and is properly before this court.
“2. On July 31, 1991, Frankie Ruth Ga-ston sold certain real property located at Orange Beach, Alabama, to defendants Ruth Renee Turner and Steven W. Turner. The actual price paid for the property was $12,000. The property was appraised for $18,500.
“3. At a time prior to May 14, 1991, Frankie Ruth Gaston gave defendant W.F. Lawshe $9,000 toward the purchase of a pickup truck.
“4. On May 22, 1991, Frankie Ruth Gaston, for $1 and other consideration, sold to Thomas Lawshe a seventeen-foot proline boat and 65-horsepower Johnson [boat] motor. Thomas L. Lawshe subsequently paid $1,094.20 [for] repairs to said boat.
“5. All of the transfers complained of occurred prior to plaintiffs appointment as conservator for Frankie Ruth Gaston.
“6. There was insufficient evidence presented to support [a finding] of a confidential relationship between defendants Ruth Renee Turner, Steven W. Turner, W.F. Lawshe, or Tom Lawshe and the late Frankie Ruth Gaston.
“7. There was insufficient evidence presented to substantiate [a finding that] persuasion, coercion, or undue influence [was exerted] by any of the defendants in this civil action on Frankie Ruth Gaston in connection with any of the three above-described transactions.
“Conclusions of Law
“8. This case is properly before the court and the parties are the proper parties to raise the issues litigated herein.
“9. For the burden of proof on the issue of undue influence to shift from the plaintiff to the defendants, there must be evidence establishing a confidential relationship between the transferee(s) and the transferor. Killough v. DeVaney, 374 *119 So.2d 287 (Ala.1979). There was insufficient evidence presented to establish such a relationship between Frankie Ruth Ga-ston and any of the defendants.
“10. The quantum of evidence required for the plaintiff to sustain his burden of proof of undue influence is that level of influence which destroys the free agency of the transferor and substitutes the will of another for that of the transferor. Seals v. Seals, 423 So.2d 222 (Ala.1982). The evidence presented by the plaintiff was inadequate to meet this standard.
“11. The court is not unmindful of the jury verdict of March 22, 1994, wherein a finding was made that Frankie Ruth Ga-ston’s will dated May 24, 1991, was the product of undue influence exerted by some of the defendants in the instant controversy. That case, however, involved a different transaction and different factors. Taken as a whole, the evidence in this case supports the conclusion that Frankie Ruth Gaston actually made the transfers complained of completely of her own volition and after reasonable reflection on the meaning and consequences of her acts.
“Judgment
“12. In accordance with the findings entered herein, judgment ... is entered in favor of defendants Ruth Renee Turner, Steven W. Turner, W.F. Lawshe, and Tom Lawshe, with costs taxed to plaintiff.”
This Court adopts the trial court’s “Order and Judgment” as its opinion; accordingly, the judgment is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.